IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CEPHIS JACKSON and GERALDINE KATRINA JACKSON**                                              **PLAINTIFFS**

v.                                                                         CAUSE NO. 1:20-cv-370-LG-RPM

**PARKER-HANNIFIN CORPORATION; JOHN DOE DEFENDANTS A-E; JOHN DOE DEFENDANTS F-R; and JOHN DOE DEFENDANTS S-Z**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE

**BEFORE THE COURT** is the [164] Motion in Limine filed by Plaintiffs Cephis Jackson and Geraldine Katrina Jackson in this case. The Motion is fully briefed. After review of the parties' filings, the record in this matter, and the applicable law, the Court finds that the Motion in Limine should be denied. However, Plaintiffs may raise their evidentiary objections at trial.

### BACKGROUND

This products liability lawsuit involves allegations that a Model 62-5 Cutting Torch and hose assembly malfunctioned while being operated by Plaintiff Cephis Jackson on October 20, 2017, while employed by Huntington Ingalls Shipbuilding in Pascagoula, Mississippi. The torch was fueled through twin line hoses of propylene and oxygen, which hoses were manufactured by Defendant Parker-Hannifin Corporation. The torch/hose assembly allegedly caused an explosion and fire which severely injured Plaintiff. (*See* Am. Compl. ¶¶ 19-22, ECF No. 9). Plaintiffs,

Geraldine and Cephis Jackson, sue Defendant Parker-Hannifin Corporation under the Mississippi Products Liability Act for failure to warn, negligence, and breach of warranty, and allege extensive damages. (*Id.* ¶¶ 23-66).

A jury trial in this matter is currently set to begin in February 2023. On November 30, 2022, Plaintiffs filed the instant [164] Motion in Limine. Defendants filed a [168] Response on December 27, 2022, with leave of the Court. On January 9, 2023, Plaintiffs filed their [172] Reply. The issues are now fully briefed and ripe for disposition by the Court.

## DISCUSSION

### I.   Apportionment of Fault

First, Plaintiffs argue that evidence relating to the fault of the torch manufacturers, The Harris Products Group and J.W. Harris Company, Inc., should be excluded. These parties were previously Defendants in this lawsuit and were dismissed per an [133] Agreed Judgment of Dismissal to that effect. Plaintiffs seek to exclude any testimony, evidence or argument relating to these parties.

Specifically, Plaintiffs argue that "there is no evidence that the torch was a proximate cause of the fire," and thus that testimony, evidence or argument relating thereto should be excluded. (Pls.' Mem. L. Supp. Mot. Lim., at 2, ECF No. 165). Plaintiffs cite case law which they interpret to say that "apportionment is limited to apportioning the fault of entities that are shown to be at least negligent." (*Id.*) (citing, e.g., *Travelers Cas. & Surety Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475

(5th Cir. 2008)). Further, Plaintiffs argue that the opinion of Defendant's expert, Joseph Ellington, assumes that only the hose, rather than the torch, caused the fire. (Pls.' Mem. L. Supp. Mot. Lim., at 3, ECF No. 165). Plaintiffs ask the Court to exclude this evidence entirely. Defendant responds that "[t]estimony regarding the torch and maintenance of the torch should not be excluded as this evidence is relevant to the . . . issue concerning whether manufacture or design of the hose was the cause of the injury." (Def.'s Mem. Br. Supp. Resp. Opp. Pl.'s Mot. Lim., at 7, ECF No. 169).

Section 85-5-7 of the Mississippi Code provides that: "in any civil action based on fault, the liability for damages caused by two (2) or more persons shall be several only, and not joint and several and a joint tortfeasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault." Miss. Code. Ann. § 85-5-7(2). "Section 85-5-7 is an affirmative defense; the defendant bears the burden of providing proof sufficient to establish fault attributable to a third party." *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 490 (5th Cir. 2008) (citing *Eckman v. Moore*, 876 So. 2d 975, 989 (Miss. 2004)). Plaintiff is correct that the Fifth Circuit has interpreted "fault" in this section to require a showing of, at least, a party's negligence. *See id.* at 493. Moreover, this Section "is based upon the premise that all parties to a lawsuit should be given an opportunity to present their versions of a case to a jury" and thus does not "deprive defendants of the opportunity to persuade a jury that fault

for a given accident lies elsewhere." *Estate of Hunter v. Gen. Motor Corp.*, 729 So. 2d 1264, 1273-74 (Miss. 1999).

Here, Plaintiffs claim that there is no evidence of negligence on the part of the torch manufacturers. However, the Court agrees that such evidence of the torch manufacturer's negligence would certainly be relevant to the ultimate issues of this case and that Defendant is entitled to present its version of the facts. Issues related to apportionment of third-party fault, if any, will be determined by a properly instructed jury. Therefore, Defendant should be permitted to offer evidence of the torch manufacturers' negligence. Plaintiffs will be permitted to make contemporaneous evidentiary objections at trial.

## II.   Oxygen Dusting

Second, Plaintiffs argue that the Court should exclude evidence, argument or testimony which relates to Mr. Jackson's use of oxygen to dust his clothing. Plaintiffs argue that this claim amounts to pure speculation and is contradicted by Mr. Jackson's deposition in which he testifies that he never used the air or fuel line from the torch to blow dust off his clothes. (*See* Dep. Cephis Jackson, at 164:16-24, ECF No. 165-1). Plaintiffs also argue that Defendant's fire origin expert, Joseph Ellington, omits any such dusting as a cause of the fire. (Pls.' Mem. L. Supp. Mot. Lim., at 3-4, ECF No. 165). Defendant responds that this testimony "should not be excluded as this evidence is relevant to the cause of the injury." (Def.'s Mem. Br. Supp. Resp. Opp. Pl.'s Mot. Lim., at 7, ECF No. 169). Rulings on motions in limine

"should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.* (citation omitted). The question of Plaintiff's use of oxygen to dust his clothing is relevant to the issue of causation; therefore, the Court will defer ruling on any further evidentiary objections until trial.

### III. OSHA Regulations

Third, Plaintiffs argue that evidence of OSHA regulations for the purpose of showing negligence is inadmissible. (Pls.' Mem. L. Supp. Mot. Lim., at 4-5, ECF No. 165) (citing *Sumrall v. Miss. Power Co.*, 693 So. 2d 359 (Miss. 1997) (holding that, because "governmental codes and regulations are not admissible unless given compulsory force by the state legislature, evidence of OSHA regulations is not admissible to show negligence"). Defendant counters that "OSHA standards are admissible on the issue of industry standards and whether or not" parties' "conduct was reasonable and consistent with those standards," and that "[t]heir relevancy as to these issues [is] not substantially outweighed by their prejudicial effect," because "[a]ny prejudice can be ameliorated by the use of a limiting instruction." *Cospelich v. Hurst Boiler & Welding Co.*, No. 1:08CV46-LG-JMR, 2009 WL 8547607, at *3 (S.D. Miss. July 7, 2009) (citing *Walker v. George Koch Sons, Inc.*, No. 2:07CV274-KS-MTP, 2009 WL 837729 (S.D. Miss. Mar. 27, 2009)). The Court finds that such testimony on OSHA regulations is not *per se* inadmissible, but at trial it must be tethered to the issues in the case. Therefore, prior to any testimony regarding the

use of evidence related to OSHA standards, the offering party will be heard outside the presence of the jury. The Court will then resolve any evidentiary objections.

## IV. Physical Damage to Hose

Fourth, Plaintiffs seek to exclude evidence that Defendant seeks to offer regarding abuse to the industrial hose at issue before the accident. Plaintiffs argue that the evidence has no foundation and is irrelevant or prejudicial. (Pls.' Mem. L. Supp. Mot. Lim., at 5, ECF No. 165). Specifically, Plaintiffs claim "[i]t is undisputed that the fire in question was the result of hose failure at or near where it connected to the torch," in a preserved 27-inch portion of the hose, rather than in the remaining 100-foot portion which "was subsequently tested by Ingalls and found to have no leaks." (*Id.*). Thus, Plaintiffs assert that Defendant's proposed evidence about the 100-foot portion of the hose is irrelevant. (*Id.*). Further, Plaintiffs argue that such abuse "is routine in a heavy industrial setting," and otherwise that Defendant has not eliminated alternative causes, such as "the fire itself" or people trampling on it to assist Plaintiff shortly thereafter. (*Id.*). Plaintiffs characterize Defendant's factual positions as "a mere guess" and that hose damage indisputably did not cause the fire in question. (*Id.* at 5-6). Defendant briefly responds that evidence of physical damage "relate[s] to circumstances relevant to the source of the fire and cause of Mr. Jackson's injury." (Def.'s Mem. Br. Supp. Resp. Opp. Pl.'s Mot. Lim., at 8, ECF No. 169). The Court finds that evidence of prior physical damage or abuse to the hose is at least *prima facie* relevant to the issues in the case, as

Defendant is entitled to advance its factual position and interpretation of the evidence within the confines of the evidentiary rules. The Court will defer resolution of these objections made during the trial.

## V. Duct Tape

Fifth, Plaintiffs take issue with Defendant's anticipated introduction of evidence that duct tape found on the hose evinces pre-accident repair attempts. (Pls.' Mem. L. Supp. Mot. Lim., at 6, ECF No. 165). Again, Plaintiffs argue that this testimony has no foundation in the evidence and is otherwise irrelevant or unfairly prejudicial. (*Id.*). Plaintiffs argue that Defendant and its experts have not excluded other explanations, viz. that the duct tape identifies the hose or prevents tangling. (*Id.*) (citing OSHA § 1910.253(e)(5)). Moreover, Plaintiffs assert that "Ingalls' safety personnel, who inspected the hose and approved its use only three weeks before, testified that no such repair was ever made." (*Id.* at 7). Again, Defendant briefly responds that evidence of the duct tape "relate[s] to circumstances relevant to the source of the fire and cause of Mr. Jackson's injury." (Def.'s Mem. Br. Supp. Resp. Opp. Pl.'s Mot. Lim., at 8, ECF No. 169). Again, the Court finds that evidence of prior repairs is at least *prima facie* relevant to the issues in the case, and Plaintiffs' issue hinges on competing interpretations of the evidence. Thus, the Court will defer resolution of these objections until trial.

## VI. Ventilation

Sixth, Plaintiffs seek to exclude evidence that there was "improper

ventilation of the area where the fire occurred," and again argue that such evidence lacks foundation and is irrelevant and unfairly prejudicial. (Pls.' Mem. L. Supp. Mot. Lim., at 7, ECF No. 165). Plaintiffs argue that "[t]here was no testing of the ventilation of the subject workspace by Defendant, OSHA, Ingalls, or anyone else," rendering all testimony on the subject mere speculation. (*Id*. at 7-8). Plaintiffs argue that Defendant and its experts have no measurements of the workspace, nor of the speed or direction of the airflow therein. (*Id*.). Plaintiffs also argue that the testimony is irrelevant because no ventilation could have prevented the "sudden rupture of the propylene hose" which caused the accident. (*Id*. at 8). Again, the Court finds that evidence of inadequate ventilation is at least *prima facie* relevant to the issues in the case. However, the Court will defer resolution of these objections until trial.

## VII. Confined Space

Finally, Plaintiffs claim that Defendant has mischaracterized the workspace at issue as a "confined space" as opposed to an "enclosed space." Plaintiffs cite the testimony of certain Ingalls personnel who describe it as an "enclosed space," as well as OSHA reporting on the accident which "did not find that this was a confined space." (Pls.' Mem. L. Supp. Mot. Lim., at 8-9, ECF No. 165). Plaintiffs argue that there is no foundation for such testimony from Defendant's experts is pure speculation. (*Id*.). The Court will defer ruling on this issue until proper objection is made at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [164] Motion in Limine filed by Plaintiffs Cephis and Geraldine Katrina Jackson is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE